UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Melvin Robertson, | ) | CASE NO. 1:23 CV 891 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Officer Robert Taylor, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant Giant Eagle, Inc.'s Motion to Dismiss Counts 6 and 7 of the First Amended Complaint. (Doc. 31). This case arises from an August 2021 incident whereby plaintiff was shot and injured in a Giant Eagle parking lot by defendant Taylor who was working as a security guard. For the following reasons, Giant Eagle's motion is GRANTED.

**Facts**

Plaintiff Melvin Robertson filed his Complaint against defendants Officer Robert Taylor, the City of Cleveland, and Giant Eagle, Inc. A First Amended Complaint was filed

1

adding Security Hut, Inc. as a defendant.[1] The First Amended Complaint alleges the following. In September 2000, the City of Cleveland hired Robert Taylor as a police officer. Prior to August 2, 2021, Security Hut hired Taylor to work secondary employment as a security guard, and Giant Eagle hired Taylor through Security Hut to work security at its W. 117th St. location in Cleveland, Ohio. On August 2, 2021, Taylor, off-duty from his job as a Cleveland police officer, was working his Security Hut job as a security guard at Giant Eagle's store on W. 117th Street. Taylor was dressed in a Cleveland Division of Police officer uniform and in a ballistic vest. He was carrying a taser and his police-issued firearm. On that day, plaintiff was shopping at the Giant Eagle store with his girlfriend when he encountered his cousin who was angry at him for a workplace incident the day earlier. Plaintiff's cousin tried to start an argument with plaintiff inside the store, attracting the attention of store employees and Taylor. Plaintiff walked away from his cousin and found his girlfriend. Plaintiff informed her that his cousin had made a scene and he was leaving the store. As plaintiff was leaving, Taylor talked to plaintiff's cousin who informed Taylor that plaintiff had a gun. Taylor followed plaintiff outside of the store to the parking lot and attempted to stop him although he did not have any reasonable suspicion or probable cause that plaintiff had committed a crime. Taylor unlawfully seized plaintiff by putting his left hand on plaintiff's arm and his right hand on his gun. Frightened and confused, plaintiff ran away with his hands in the air and his back to Taylor. Taylor immediately took out his gun and fired at plaintiff in the parking lot. The first shot missed, but caused plaintiff to trip and fall with a

---

[1] Defendant Giant Eagle filed a Third-Party Complaint against Security Hut, Inc., and a default was entered by the Clerk of Court against the third party defendant. A default judgment hearing has not been held by the Court.

gun and a cell phone falling out of the waistband of his pants. Plaintiff picked up his gun and continued running away from Taylor with the gun's barrel pointed at the ground. Taylor fired a second time which struck plaintiff in the hip causing lingering injuries.

Taylor had previously used deadly force twice as a Cleveland police officer. In August 2002, he shot and killed 16-year-old Ricardo Mason. In January 2013, Taylor followed an unidentified man into an abandoned building, got into a fight with him, and exchanged shots with him. After investigation, the Cleveland Division of Police Internal Affairs Unit found that Taylor's use of deadly force against Mason was justified. The City of Cleveland Police Chief agreed. A later § 1983 lawsuit against the City and Taylor settled prior to trial for $1 million after the Sixth Circuit held that a jury could find that Taylor violated Mason's constitutional rights. No other facts are alleged as to the 2013 incident.

The First Amended Complaint sets forth seven claims for relief. Count One alleges a claim under 42 U.S.C. § 1983 against Taylor for unlawful seizure. Count Two alleges a claim under 42 U.S.C. § 1983 against Taylor for excessive force. Count Three alleges a *Monell* claim under 42 U.S.C. § 1983 against the City of Cleveland. Count Four alleges a state law claim against Taylor for negligence, willful, wanton, and/or reckless conduct. Count Five alleges negligence against Taylor and liability based on *respondeat superior* against Giant Eagle and Security Hut. Count Six alleges premises liability against Giant Eagle. Count Seven alleges negligent hiring, retention, and/or supervision against Giant Eagle and Security Hut.

This matter is now before the Court upon defendant Giant Eagle, Inc.'s Motion to Dismiss Counts 6 and 7 of the First Amended Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

4

**Discussion**

**1) Count Seven (negligent hiring, retention, and/or supervision)**

Giant Eagle argues that Count 7 fails to state a claim. This claim alleges negligent/reckless hiring, retention, and/or supervision. Under Ohio law, a plaintiff must prove

> the following five elements to impose liability upon an employer for a claim of negligent hiring, supervision and retention: (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's knowledge of the employee's incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) a causal link between the employer's negligence in hiring, supervising, and retaining and the plaintiff's injuries. *Lehrner v. Safeco Ins./American States Ins. Co.*, 171 Ohio App.3d 570, 872 N.E.2d 295, 305 (2007) (citation omitted).

*Est. of Barney v. PNC Bank, Nat. Ass'n,* 714 F.3d 920, 929 (6th Cir. 2013). The employer's knowledge of the incompetence can be actual or constructive. *New Wembley LLC v. Klar*, 202 N.E.3d 99 Ohio 11th App.Dist. Nov. 28, 2022). "Constructive knowledge means knowledge that one using reasonable care or diligence should have, and therefore is attributable to a given person." *Yatsko v. Graziolli*, 458 F. Supp. 3d 702, 725 (N.D. Ohio 2020), (aff'd in part, appeal dismissed in part, 2021 WL 5772527 (6th Cir. Dec. 6, 2021) (quoting *State v. Barry*, 145 Ohio St.3d 354, 360 (2015)). Ohio courts recognize that

> 'The mere incantation of the elements of a negligent hiring claim, i.e., the abstract statement that the [employer] knew or should have known about the employee's criminal or tortious propensities, without more, is not enough to enable a plaintiff to survive a motion to dismiss for failure to state a claim.' *Erickson v. Mgt. & Training*, 2013 WL 4799163 (Ohio 11th App. Dist. Sept. 9, 2013), quoting *Byrd v. Faber*, 57 Ohio St.3d 56 (1991). "A well-pled complaint must include, however, factual allegations going to each element of the claim, and conclusory statements without any supporting factual allegations are insufficient." *Stevens v. Little Stars Early Learning Ctr., L.L.C.*, 2022 WL 402940 (Ohio 8th App. Dist. Feb. 10, 2022).

*New Wembley LLC, supra*.

Giant Eagle argues that the Amended Complaint fails to plead adequate facts to meet the second (Taylor's incompetence), third (Giant Eagle's knowledge of the incompetence), and/or the fifth (proximate cause) elements of the claim. For the following reasons, ths Court agrees.

The Amended Complaint alleges

> Taylor had a history of violence and use of excessive deadly force rendering him unfit and unqualified to provide security-related services or serve a [sic] security at the Giant Eagle located on W. 117th Street or anywhere else, about which Giant Eagle and Security Hut knew or should have known

(Doc. 29 ¶ 99). And, "Taylor had used excessive deadly force repeatedly throughout his career and the likelihood that he would do so again put Giant Eagle's customers, including plaintiff, foreseeably at risk." (*Id.* ¶ 99). However, as set forth above, the Amended Complaint refers to two specific instances of such deadly force. Namely, in August 2002, Taylor shot and killed 16-year-old Ricardo Mason, and in January 2013, Taylor followed an unidentified man into an abandoned building, got into a fight with him, and exchanged shots with him.

Defendant maintains that neither event occurred at Giant Eagle and neither incident shows Taylor's incompetence to provide security services at Giant Eagle, or that Giant Eagle had actual or constructive knowledge of the incompetence. As to the first incident, the Amended Complaint states:

> 60. The Cleveland Division of Police Internal Affairs Unit investigated whether Defendant Taylor's use of deadly force was justified when he shot and killed 16-year-old Ricardo Mason. The Internal Affairs Unit found Defendant Taylor's use of deadly force was justified.
>
> 61. The City of Cleveland Police Chief at the time, Edward Lohn, agreed with the Internal Affairs Unit and recommended no further action be taken, ratifying Taylor's use of deadly force because it was consistent with Defendant City's policies and

6

> customs.
>
> 62. However, despite the fact that this action was not in violation of Defendant City's policies, it was likely unconstitutional. The administratrix of Ricardo Mason's estate sued Defendant Taylor and Defendant City of Cleveland under 42 U.S.C. § 1983 claiming a Fourth Amendment violation. The Sixth Circuit Court of Appeals found that a reasonable jury could find that Taylor's use of deadly force was unconstitutional. See Green v. Taylor, 239 Fed. App'x 952 (6th Cir. 2007). The suit settled prior to trial for $1,000,000. Defendant City did not discipline or terminate Defendant Taylor from employment

No other details are provided regarding the second incident other than in general Taylor was not disciplined or terminated from his employment with the City of Cleveland. (Doc. 29 ¶ 63).

As to the first incident, defendant argues that it is far too great a leap to conclude that Taylor was incompetent to provide security at Giant Eagle 19 years later. Nor are there any well-pleaded allegations from which it can be inferred that defendant had actual or constructive knowledge of the incident, much less Taylor's incompetence based on it. As to the second incident, no details would support a conclusion of incompetence to provide security at a supermarket eight years later. Nor are there allegations of defendant's actual or constructive knowledge of the incident or how Taylor was incompetent based on it. Finally, defendant contends that there are no well-pleaded facts establishing that its negligence in hiring, retention, or supervision was the proximate cause of plaintiff's injuries.

Plaintiff's brief states repeatedly that Taylor had "a history of excessive uses of deadly force," and quotes the Amended Complaint's allegation that Taylor had "used excessive deadly force repeatedly throughout his career" prior to Giant Eagle hiring him. Plaintiff also states in his brief that he has alleged "a pattern of multiple occurrences" and "this included using deadly force at least twice prior to shooting plaintiff." But, plaintiff's brief only refers

7

to the 2002 shooting of Ricardo Mason. Plaintiff fails to mention the 2013 incident referred to in the Amended Complaint. This is understandable given that the Amended Complaint does not provide any meaningful facts about the incident which could show that Taylor acted unreasonably or was somehow incompetent.

This leaves only the 2002 fatal shooting of Ricardo Mason as Taylor's "history of violence" or evidence of his "repeated uses of excessive deadly force." One incident 19 years earlier could not plausibly establish incompetence to serve as a security guard at a grocery store or Giant Eagle's actual or constructive knowledge of such incompetence.

Moreover, while plaintiff acknowledges its allegation that the City of Cleveland found that the use of deadly force was justified, plaintiff points to its allegation that a civil lawsuit settled for $1 million. Plaintiff maintains that as "a result of this pattern of behavior and legal proceedings, Giant Eagle knew or should have known Taylor would pose a danger to Giant Eagle customers if he was hired." But, the Court agrees with Giant Eagle that plaintiff cannot credibly argue that the settlement coupled with the alleged "history of violence" plausibly establishes incompetence.

The allegations in the Amended Complaint simply do not contain sufficient factual matter, accepted as true, to draw the reasonable inference that Taylor was incompetent. As plaintiff himself points out, "only a personal history of using excessive force would have shown that [the security guard] was incompetent." *Yatsko v. Graziolli*, 458 F. Supp. 3d 702, 726 (N.D. Ohio 2020). Plaintiff's allegations based on one incident in 2002 do not establish a personal history of violence to show that Taylor was incompetent to provide security in 2021. Because this element is lacking, plaintiff cannot state a claim for negligent hiring,

8

supervision, or retention.²

### (2) Count Six (premises liability)

Count Six alleges that Giant Eagle had a duty to provide reasonably safe and secure premises and was "negligent and acted unreasonably and in breach of its duty" at the store by, but not limited to, "[f]ailing to hire qualified and adequate security personnel; and [f]ailing to train, monitor, and supervise security personnel." (Doc. 29 ¶¶ 92, 93). And, "Giant Eagle acted maliciously and/or with reckless disregard to the safety of patrons and the public relative to its duty to provide a reasonably safe and secure premises... such that injuries and incidents like the one at issue were substantially certain to occur, likely, and foreseeable." (*Id*. ¶ 94).

"To establish negligence in premises liability, the plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty. *Yatsko v. Graziolli*, 458 F. Supp. 3d 702, 724 (N.D. Ohio 2020), aff'd in part, appeal dismissed in part,, 2021 WL 5772527 (6th Cir. Dec. 6, 2021) (quoting *Armstrong v. Best Buy Co.*, 99 Ohio St. 3d 79, 81 (2003)). The Amended Complaint alleges that plaintiff was a business invitee. The two cases plaintiff primarily relies on set forth the contours of the claim. In *Holly v. Walmart Real Estate Business Trust,* 262 F.Supp3d 532 (N.D. Ohio 2017) (*citing Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589 (1943), the court recognized:

---

²     The Court need not reach the element of Giant Eagle's knowledge of the incompetence. Even if it did, the Court agrees with defendant that the Amended Complaint does not contain facts showing how or if Giant Eagle knew or should have known from the one prior incident, i.e., the Ricardo Mason settlement, that Taylor was incompetent to provide security 19 years later. This is especially so given that the City found Taylor's action to be justified. The Court need not reach the issue of proximate causation.

> Under Ohio law, for a business invitee to recover for an injury caused by a hazard on defendant's premises, the plaintiff must show:
>
> 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
>
> 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
>
> 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

Where the defendant did not create a hazardous condition (e.g., by spilling the blueberries upon which plaintiff fell), "plaintiff needs to show defendant possessed either actual or constructive knowledge of the hazardous condition, and defendant breached the duty to warn plaintiff of or promptly remove that hazardous condition." *Id.* In *Simpson v. Big Bear Stores Company,* 73 Ohio St.3d 130 (1995), also relied upon by plaintiff, the Ohio Supreme Court recognized:

> There is no duty so [sic] to control the conduct of a third person as to prevent him from causing physical harm to another unless
>
> (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
>
> (b) a special relation exists between the actor and the other which gives to the other a right to protection.

*Id.* at 134 (quotation marks and citation omitted). Because the incident at issue in *Simpson* occurred off the premises of the defendant, the court further held:

> We conclude that a business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner. The duty does not extend to premises not in the possession and control of the business owner.

*Id.* at 135.

Initially, to the extent plaintiff alleges a negligence claim based on the alleged failure to hire, train, or monitor Taylor, this claim fails for the same reasons stated above.

Additionally, Count Six fails to state a claim even under the argument presented by plaintiff. Plaintiff argues that under both exceptions, set forth above in *Simpson,* Giant Eagle did have a duty which was breached. Under the first exception, plaintiff maintains that Giant Eagle had a duty to control Taylor because a special relationship existed between Giant Eagle and Taylor given that Taylor was on duty and acting within the scope of his agency or employment with Giant Eagle. Giant Eagle "hired and maintained Taylor, making its own premises dangerous through the known danger Taylor imposed." (Doc. 36 at 10). Thus, plaintiff further asserts, "Giant Eagle had a duty to control Taylor's conduct to keep its customers safe, and it breached this duty when it knowingly employed and maintained an armed security guard with a history of reckless uses of force." *Id.* Under the second exception, plaintiff recognizes that "whether the required 'special relation' between Giant Eagle and plaintiff arises depends on the 'foreseeability of the harm.' " *Id.* at 11. Plaintiff asserts that "the question here is whether Taylor posed a foreseeable risk based on Giant Eagle's knowledge of Taylor's own 'dangerous propensity' for similar conduct. Here, Giant Eagle knew or should have known of Taylor's 'history of violence' and 'repeated' use of 'excessive deadly force' while on the job." *Id.* at 11-12. As a result, plaintiff maintains, this case is different from those where there were no allegations of the employee's own dangerous propensity or knowledge of the defendant's criminal misconduct. Rather, plaintiff asserts that its Amended Complaint does allege that Giant Eagle knew or had reason to know of Taylor's

dangerous propensity and, consequently, the attack on plaintiff was foreseeable.

This count fails to state a claim. As acknowledged by plaintiff, the alleged misconduct on the premises must have been foreseeable by Giant Eagle under either of the cases relied on by plaintiff. For the reasons discussed above, Taylor's alleged prior uses of force do not make it foreseeable or likely that he would use unlawful force against plaintiff. The Amended Complaint simply does not plead sufficient facts to show that Giant Eagle knew or had reason to know that Taylor had dangerous propensities. The alleged facts do not support a plausible inference that Taylor posed a known danger such that his alleged use of excessive force against plaintiff at the store would have been foreseeable to Giant Eagle.

For these reasons, Six and Seven as to Giant Eagle are dismissed for failure to state a claim.[3]

**Conclusion**

For the foregoing reasons, defendant Giant Eagle, Inc.'s Motion to Dismiss Counts 6 and 7 of the First Amended Complaint is granted.

IT IS SO ORDERED.

Dated: 10/10/23

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

---

[3] Count Five, negligence based on respondeat superior, remains against Giant Eagle.